# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Angela N. Griffin,<br>    Debtor.<br><br>Selene Finance, LP as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust,<br>    Movant,<br>      v.<br>Angela N. Griffin,<br>    Debtor/Respondent,<br><br>Kenneth E. West,<br>    Trustee/Additional Respondent. | Bankruptcy No. 22-11598-djb<br><br>Chapter 13 |

## **CREDITOR CERTIFICATION OF DEFAULT**

I, Sherri R. Dicks, Esquire, attorney for Selene Finance, LP as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, ("Movant" or "Plaintiff"), certify as to the following:

1. I am an attorney for Selene Finance, LP as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, and am duly authorized to make this certification.

2. On <u>August 11, 2023</u>, a Stipulation (at Docket Entry No. 56) and on <u>August 15, 2023</u>, an Order Approving Stipulation (at Docket Entry No. 59) were entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages and maintain

future accruing payments. see Composite Exhibit "A".

3. On May 13, 2025, Plaintiff, through counsel, served on the Debtor, Debtor's attorney, and the Chapter 13 Trustee a Notice of Default setting forth that the Debtor was in default of the provisions of the Stipulation. see Exhibit "B".

4. The May 13, 2025, Notice of Default provided that the sum of $19,882.37 was needed from Debtor in order to cure the default.

5. The Notice of Default advised that if either the Debtor or the Trustee did not within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief order should not be entered, Plaintiff could then submit a Certification that it complied with the notice requirements of the Order and the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 31 Westview Street. Philadelphia, PA 19119 may be foreclosed and/or sold at Sheriff Sale.

6. Neither the Debtor nor the Trustee cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. That, in accordance with the terms of the Order Approving Stipulation entered on August 15, 2023, Plaintiff is entitled to relief from the automatic stay as to the real property located

at 31 Westview Street, Philadelphia, PA 19119.

Date: July 7, 2025

    Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorneys for Secured Creditor
13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/ Sherri R. Dicks
Sherri R. Dicks, Esq.
PA Bar Number  90600
Email: sdicks@raslg.com